Case No. 25-1828 from the Eastern District of Missouri, United States v. I-44 Truck Cntr & Wrecker Svc I-44 Truck Cntr & Good morning, your honors. May it please the court. Anthony DeBray for the United States. Before I begin, I would like to set the record straight regarding three statements that were just made by my friend on the other side. First, I-44's counsel said that the second violation, which is the notification of failure to abate, was served on a mechanic and that the company management did not ever know about or see the violations until it was served with the complaint. I would direct the court's attention to the fact that the district court found as an undisputed fact in this case when granting summary judgment. What page are you on, if you can tell us what page you're on? What's in the back of our brief? Sure, the joint appendix, page 412. Can you tell us what it's on in the back here? What page of the judge's opinion is it? At the bottom of the page, what does it say? Four of eight? Three of eight? It's eight pages long, right? I'm talking about, yes, you're right. Well, there's one that's six and one that's eight. Tell me which one I should look at. If you can't tell, say so. We'll figure it out. No, I mean, it's joint appendix, page 412. Okay. So it's page three of seven. Three of seven.  And on that particular page, the district court found as an undisputed fact when granting summary judgment that Carl Bennett was a manager for the defendant at the time that the notification came in. There's also evidence on the record when Mr. Bennett signed the certification of corrective action form, he signed that as a manager. And that's on joint appendix, page 308. In addition, Your Honor, I believe I-44's counsel said that the complaint said that this was an enforcement action and that this was punitive in nature. The complaint does not say anything to that effect at all, and that's on the joint appendix, pages one through seven. Moving on, Your Honor, I would like to start first by addressing the statute of limitations arguments, specifically 2462 and why it does not apply to debt collection suits under the DCIA. Specifically, 2462 does not apply because Congress did not clearly intend for 2462 to apply to the collection of debt. It's well settled that the government is not bound by any statute of limitations unless Congress clearly imposes one. And any statute of limitations sought to be applied to bar the government must receive a strict construction in favor of the government. Looking at the plain language of 2462, it applies only for the enforcement of a civil fine, penalty, or forfeiture. It does not use the terms collection or debt. It makes no specific or general reference whatsoever to the collection of debt already owed to the government. If Congress had intended for the statute of limitations to apply to the collection of debt, it could have easily inserted those words into the statute, but it didn't. And this court should not read that language into the statute where it doesn't exist, especially when the statute of limitations must be strictly construed in favor of the government. How does one ever enforce a civil fine and not have a collection of a debt under your theory? Certainly, when the OSHA agency takes its enforcement actions, which is by issuing a citation after an inspection where there are found violations, or issues a notification, which it did in this case, those are enforcement procedures under the OSHA Act. Right, right. I get that. But what I'm saying is that if you actually try and get them to pay the civil fine, it's always a debt collection in your world, right? No. Even though 2462 doesn't, you know, expressly provides otherwise, right? I mean, because I'm having a hard time with the how do I collect the fine? And you say, I mean, it hasn't been reduced to a debt in the sense that, like, okay, brought the action, there's a judgment, now I'm collecting on the judgment. The collection of that judgment debt is the collection of a debt. But the enforcement of a fine seems to be exactly what's going on here. And maybe I just don't understand. Sure. So this is not an enforcement action. This is a debt collection under the DCIA. How does one enforce a fine other than saying pay the fine? No. That's what I want to ask you. If you look at 2462, you look at the plain language of the statute, it says, or proceeding for the enforcement of any civil fine. How does one attempt to enforce the payment of a civil fine in any way other than what you're doing right here? So you have to look at the OSHA statute. Specifically, the OSHA Act, the Occupational Safety and Health Act, contains provisions to impose penalties. That's 29 U.S.C. 666. And specifically, the OSHA Act contains another provision, which is entitled enforcement procedures. That's 29 U.S.C. 659. And that particular section authorizes OSHA agency to take enforcement actions by issuing the citation and issuing the notification. Those are listed enforcement actions under the OSHA Act, under the enforcement procedures section at 659. Once that citation and notification become a final order, the enforcement actions are concluded. Because the citation and notification have now become a final order that cannot be appealed to any court. Once the enforcement actions by the agency are concluded, then we move into the realm of debt collection. And then under the DCIA, we can collect a debt, which under the definition of debt, it refers to any amount of funds that has been determined to be owed to the government. So now we're talking about debt that has previously been determined to be owed. So now we're in debt collection, which takes us out of the enforcement realm, which takes us out of 2462. Well, counsel, the real answer to Judge Erickson's question is they're defined by Congress to be the same thing. And that's what you quoted the first sentence of the DCIA B-1. But it says a claim includes without limitation. I mean, the DCIA B-1 that you just quoted the first sentence of. A claim includes any fines or penalties assessed by an agency. Right? Correct. Yeah. So the DCIA is right there. Now, how long has the – and I'll get my terms confused, so I've got to be careful. How long has the general statute been around, the 2462, I think it is, statute? I believe it's been around for a while. How long is a while? Is it a Civil War statute? That I'm not aware of. Okay. Anyhow, so that's 2462. Does it somewhere say unless Congress provides otherwise or not? It does. Okay. Where is that in 2462? 2462 says at the very beginning, except as otherwise provided by an act of Congress. Okay. So that's been around forever. When was the DCIA enacted? 1996. Good. Thank you. Going back to your initial question about the fact that the DCIA uses the word penalty in the definition of a debt. A debt includes many things, including a penalty. But just because the DCIA uses the term penalty, that doesn't mean that suddenly 2462 is triggered. In fact, we know 2462 does not apply to debt collection actions, as shown by the Seventh Circuit's decision in Old Ben, the Tenth Circuit's decision in Blanca, and the Fifth Circuit's decision in the Mississippi Department of Economics case. All those cases found that 2462 does not apply to actions to collect a debt. Is there any circuit that's gone the other way in your view? No. But this circuit has not addressed it, right? Correct. But I would direct the court's attention to Blanca, because I think it helps clarify a lot of these issues that we're talking about. So in the Blanca case, the Tenth Circuit held 2462 does not apply to debt collection activities under the DCIA. And in doing so, it emphasized the significant difference between, on the one hand, 2462, which it held applies to punitive agency actions that penalize, which is what I was talking about earlier, the OSHA citation that assessed the penalties, and then distinguished that from the DCIA on the other side, which it held applies to debt collection of funds owed to the government. And it specifically declined to follow Kakesh, which is cited in I-44's brief, and held that 24—actually, I'll quote, it says the Supreme Court has made clear that 2462 governs only actions that penalize. The DCIA, by contrast, is aimed at pure debt collection. 2462 applies to punitive agency action. The DCIA applies to debt collection of funds owed to the United States, end quote. So I think at this time, I'd like to turn the Court's attention to the affirmative defense issue, because that was raised by I-44's counsel, unless there's other questions on the 2462 matter. Hearing none, the District Court did not abuse its discretion by striking I-44's affirmative defense, alleging improper notice. And that's because the purported defense was insufficient as a matter of law. First, it improperly challenged the underlying penalties that previously were imposed at the agency level, even though I-44 was statutorily prohibited from doing so under 29 U.S.C. 659. In particular, Section 659 states that if an employer does not contest a citation or penalty, then the citation and penalty shall be deemed a final order of the commission, not subject to review by any court or agency. Here, I-44 admitted it did not contest the underlying citation and that the assessments of penalties became final orders. And the District Court correctly found that the underlying penalties had become final orders and were not subject to review. Accordingly, the District Court correctly ruled that I-44 can't challenge those underlying penalties or the reason for their imposition. In doing so, the District Court correctly relied on the Donovan case from the Tenth Circuit, which held that the District Court has no jurisdiction or authority to evaluate the propriety of the previously assessed penalty and that the defendant can't challenge it in a subsequent collection case in the District Court. Is it different if the challenge is that we were improperly served and never received notice as a matter of law? It is not different. In fact, that argument can and should have been made at the agency level by contacting OSHA. There is certainly an administrative process and a proper venue to hear that argument, but it is not the District Court. What about their claim that they never received a sufficient notice to appear and to make the claim? Well, it's clear they did at some point receive the notification because they filled out the Certification of Corrective Action and said, oh, we are now buying three extra fire extinguishers, and now that issue has been abated. It's also clear they received the initial citation because upon re-inspection, two out of the three violations had been abated by the time of the re-inspection. So we know they received it, and then we know they received the complaint because they were served in this case, which also attached the citation and the notification. In fact, if you look at Joint Appendix page 96, that outlines at least 13 separate instances in which I-44 was made aware of these citations and penalties prior to being served with the complaint. And at any point in time after receiving notice or receiving the complaint even, and even now this avenue is still available to I-44, they could go to an administrative law judge, file a notice of contest, file a motion saying it's untimely because of X, Y, and Z, because we never received proper notice, whatever argument they want to make. At the agency level, then, an evidentiary hearing would be held to determine. And they still do that? Absolutely. They do that tomorrow, right? They can do it today if they wanted to. Oh, even today. And then it's up to the administrative law judge to determine exactly what happened. Was notice sent? Was it received? Then they would make the determination if notice was proper, if the untimely contest should be accepted, and if that 15-day window can be extended. And then if the defendant passes that hurdle, they can litigate the liability of the citations at the agency level. And then if they're unhappy with the ALJ's decision, they could appeal it to the commission. And if they win, do you give them back their money? Well, they haven't paid any money. No, but if you succeed? If they succeed at the agency level, is that what you're asking? Yeah. Then if they're successful in saying they got improper notice for whatever reason, then they would go on to a liability determination before the ALJ. Were these safety regulations violated? And it would be up to the ALJ to make that determination. And then that issue is appealable to the commission, and then that decision by the commission is appealable to the Eighth Circuit. But it skips the district court entirely, which proves our point that the district court was not the proper venue to raise these arguments in the first place. If the ALJ held an evidentiary hearing, would that remove the penalties? Is that what I mean? Because if you're now collecting the initial assessment, would that vacate the penalties and so start the whole penalty process over again? It depends on what the ALJ determines. Exactly. Yeah, that's a point. So I see that I only have a few seconds left, and my time is almost over. Unless there are any other questions, I'd be happy to answer. Otherwise, the government asks this court to affirm all of the district court's rulings. Thank you. Mr. Gazzoli. A very brief rebuttal here. Whether Mr. Bennett was a manager or not, I will say that the only evidence on the record is that he was not a manager. Is he the one that embezzled the money later too? I'm sorry? Is he the one who embezzled the money later?  Right. He's a mechanic. He embezzled $100,000. Right. Proceed. Proceed. And he had no authority to resolve a government investigation or pay a fine or anything like that either. There's no evidence of that. Basically, we've got a due process issue with this lack of notice. This company was entitled to receive notice of the alleged violation and take the process through. Because it wasn't notified by the government, it was denied that opportunity. And everything that the U.S. Attorney says here is it would have been futile to do that. That's what the Third Circuit said you can't do. Regarding the statute of limitations, simple issue. Like you say, hey, let's call this fine a debt. We don't have to worry about statute of limitations now. That's what Congress may have done. Do you think Congress did that? Because they define a debt as including a penalty. Congress, no, Congress left the concept of an administrative fine and penalty in place. And the distinction that the courts have made is whether it's a punitive or a compensatory money sought. There's no question in this case, as the complaint itself alleges, this is a punitive fine. It was directed to the public, harmed the public, not individual or even the government was not harmed. We believe that the case should have been dismissed and we ask the court to do that with prejudice. If the court does not do that under the statute of limitations basis, we ask it to give us due process and let the company contest its citations as it was allowed to do that under the law had it been properly notified. Thank you very much. Thank you both counsel for the argument. Case 25-1828 is submitted for decision by the court and counsel are excused.